UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE CERVANTES,

        Plaintiff,

    v.

THE CITY OF DES MOINES, et al.,

        Defendants.

CASE NO. C06-1714RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendants' summary judgment motion (Dkt. # 17). Neither Plaintiff nor Defendants have requested oral argument, and the court finds the motions suitable for disposition on the basis of the parties' briefing and supporting evidence. For the reasons stated below, the court GRANTS Defendants' motion.

## II. BACKGROUND

Defendant Dominic Arico (Des Moines Police Officer # 0104) observed Plaintiff Jose Cervantes drinking beer with friends in a parking lot on or about the night of September 10, 2004. Arico asked Cervantes and his friends to stop drinking and provide identification, but Cervantes did not let go of his beer bottle after Arico specifically asked him to do so numerous times. Arico feared that Cervantes was reaching for a weapon when he saw him reach for the ground, and Arico warned Cervantes that if he did not

ORDER – 1

drop his bottle, Arico would shock him with a taser.  Cervantes did not comply, and Arico shocked him several times until he could be handcuffed.  Cervantes was taken to the hospital for alcohol detoxification.

Cervantes sued the City of Des Moines ("the City"), City Police Chief Roger Baker, Arico, and other unnamed Des Moines police officers, claiming assault and battery, negligence, and violations of 42 U.S.C. § 1983.  In lieu of an August 13, 2007 deportation order, Cervantes voluntarily left the United States and is currently residing in Mexico.  *See* Order (Dkt. # 16).  Defendants removed this case to federal court, and have now moved for summary judgment.

## III.  ANALYSIS

**A.   Legal Standard on Summary Judgment.**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

**B.   Defendants Baker and Arico are Entitled to Judgment as a Matter of Law Because Cervantes Failed to Serve Them With the Summons and Complaint.**

Baker and Arico claim that Cervantes failed to serve them individually.  Baker Decl. ¶ 2, Arico Decl. ¶ 2.  This failure was noted in the March 21, 2007 joint status report:

> Only the City of Des Moines has been served to date.  Service on all parties shall be effected by April 15, 2007.  Plaintiff's counsel has not excuse or explanation as to why service had not been effected to date on other parties . . .

Joint Status Report ¶ 15 (Dkt. # 9).  Cervantes does not dispute that Baker and Arico have not been served, and has neglected to address the service issue anywhere in his opposition papers.  The court views this omission as an admission that Defendants' motion has merit on this issue.  *See* Local Rules W.D. Wash. CR 7(b)(2).

ORDER – 2

A court must dismiss an action without prejudice if a defendant has not been served within 120 days after the complaint is filed, unless the plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m). Because it is undisputed that Cervantes has failed to serve Baker and Arico, and Cervantes has not offered any explanation for his failure to do so, the court dismisses all claims against Baker and Arico.

More than three years has passed since the incidents at issue in this case, and the statute of limitations has run on all of Cervantes's claims. *See* RCW 4.16.100(1) (two-year statute of limitations applies to assault and battery claims) and RCW 4.16.080(2) (three-year statute of limitations applies to personal injury claims); *see also Wilson v. Garcia*, 471 U.S. 261, 279 (1985) (holding that a state's personal-injury statute of limitations applies to Section 1983 claims). Therefore, the court's dismissal is with prejudice. *See Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996).

**B.  The City is Entitled to Judgment as a Matter of Law Because Cervantes has Failed to State a Cognizable Claim Against It.**

Cervantes's complaint does not list any specific allegations against the City, but claims generally:

> The conduct of defendants as described above, acting under color of state law, and acting recklessly in a grossly negligent manner, and with deliberate indifference to plaintiff's rights, privileges, and immunities, deprived plaintiff of his right to peaceably assemble and associate with others under the First Amendment of the U.S. Constitution; of the right to be free from unreasonable searches and seizures, including the use of excessive force, under the Fourth Amendment of the U.S. Constitution; of the right not to be subjected to cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution, and the right not to be deprived of liberty, or property without due process of law and to be accorded the equal protection of the laws under the Fourteenth Amendment of the U.S. Constitution.

Complaint ¶ 5.3 (Dkt. # 1).

A municipality cannot be held liable under Section 1983 solely under a *respondeat superior* theory. *Monell v. New York Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). A plaintiff seeking to impose Section 1983 liability on a municipality must identify an

ORDER – 3

official municipal policy or a widespread municipal custom that caused his or her injuries. *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997).  For purposes of Section 1983 liability, a municipal custom

> must be so persistent and widespread that it constitutes a permanent and well settled city policy.  Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out that policy.

*Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Based on the fact that the Des Moines Police Department's report on his arrest (Greene Decl., Ex. C) did not state that Arico's use of the taser violated police policy, Cervantes argues that the City customarily uses excessive force.  Pltf.'s Opp'n at 7-8.  This argument is related only to the facts of this incident, and is therefore not an adequate showing of a persistent or widespread City custom regarding the use of tasers.

Because Cervantes has not provided any evidence of a City policy or custom regarding the use of tasers, and has not made any other allegations regarding City liability, the City is entitled to judgment as a matter of law.

**C.  Because Cervantes has Failed to Amend his Complaint to Name the Jane and John Doe Defendants, the Court Dismisses Those Defendants.**

Cervantes's complaint lists as Defendants unnamed City employees as "John Does and Jane Does I through X, husband and wife, and the marital community of them comprised."  Complaint ¶ 1.5.

Defendants argue that these unnamed defendants should be dismissed because Cervantes has not amended his complaint to name them and the statute of limitations on the claims has now run.  Defts.' Mot. (Dkt. # 17) at 22.  Cervantes does not respond to this argument in his opposition papers.  The court views this omission as an admission that Defendants' motion has merit on this issue.  *See* Local Rules W.D. Wash. CR 7(b)(2).  Accordingly, the court dismisses the unnamed defendants.

## IV.  CONCLUSION

ORDER – 4

For the foregoing reasons, the court GRANTS Defendants' motion (Dkt. # 17). The court directs the clerk to enter judgment for Defendants.

DATED this 27th day of March, 2008.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 5